**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

MAURICE SHELTON LYONS, a/k/a
David Lewis,
Defendant-Appellant.

No. 96-4759

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., Chief District Judge.
(CR-96-96)

Submitted: May 15, 1997

Decided: June 3, 1997

Before RUSSELL, HALL, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Timika Shafeek, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Maurice Shelton Lyons pled guilty to possession with intent to distribute cocaine hydrochloride under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (1994). He appeals his sentence, alleging that the district court erred by failing to grant him an adjustment for acceptance of responsibility under the Sentencing Guidelines.* For the reasons that follow, we affirm.

While conducting drug interdiction at the Greensboro airport, officers approached Lyons and another man. Lyons lied to police and told them his name was David Lewis and produced identification in that name. After a drug detection dog alerted on a box (which was later found to contain cocaine), Lyons initially denied it was his luggage and then later admitted it was. After his arrest, Lyons continued to identify himself as David Lewis and provided a pretrial services officer with false information regarding his residence, social security number, and employment. Only after fingerprint analysis showed his true identity did Lyons admit his falsehoods. Accordingly, the probation officer recommended in the presentence report (PSR) an upward adjustment for obstruction of justice under USSG§ 3C1.1 and did not recommend a downward adjustment for acceptance of responsibility under USSG § 3E1.1. At his sentencing hearing, Lyons withdrew his objection to the obstruction of justice enhancement in the PSR but maintained that he should receive a downward adjustment for acceptance of responsibility. The district court declined, finding that Lyons failed to make "an extraordinary, if you will, effort to cooperate or indicat[e] his willingness immediately to cooperate with the government . . . [or] show that not only had he recognized that he was wrong in giving a false identity for obstruction, but that. . . he would do anything he could to make it right."

_____

*See United States Sentencing Commission, Guidelines Manual, (USSG) § 3E1.1 (Nov. 1995).

2

Whether to apply § 3E1.1 is a factual issue reviewed for clear error. See United States v. Melton, 970 F.2d 1328, 1335 (4th Cir. 1992). A defendant who enters a guilty plea prior to trial is not thereby entitled to an adjustment for acceptance of responsibility. See USSG § 3E1.1 comment. (n.3). Further, conduct resulting in an enhancement for obstruction of justice ordinarily indicates that a defendant has not accepted responsibility for his criminal conduct, although there may be "extraordinary cases" in which an adjustment for obstruction of justice and acceptance of responsibility may apply. See USSG § 3E1.1 comment. (n.4). We do not find that the district court clearly erred by denying Lyons an adjustment for acceptance of responsibility. Merely pleading guilty prior to trial does not create the "extraordinary case" warranting the acceptance of responsibility adjustment. See Melton, 970 F.2d at 1335; USSG § 3E1.1 comment. (n.4). Accordingly, we affirm Lyons' sentence and dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3